**E-FILED**
Thursday, 28 September, 2006  10:09:30 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAWRENCE WILLIS,
　　　　Plaintiff,

　　　　vs.　　　　　　　　　　　　　　　　　　06-1222

OFFICER BIERBAUM, et.al.,
　　　　Defendants.

ORDER

　　　　This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.  The plaintiff participated in the hearing by telephone conference call.

　　　　The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center.  The plaintiff has named eight defendants including Correctional Officers Bierbaum, Barnard, Wells, Stock and Smithson; Sergeant Leonard;  Lieutenant Dallas and Medical Technician Brown.

　　　　The plaintiff says on October 27, 2004, Officers Bierbaum, Barnard, Wells, Stock, Smithson, Dallas and Leonard used excessive force when they repeatedly beat the plaintiff.  The plaintiff says Defendant Brown saw the attack, but did nothing and failed to protect the plaintiff.  The plaintiff also alleges that all of the defendants refused his requests for medical treatment for his injuries.

　　　　The plaintiff's complaint also states that Defendant Bierbaum wrote a "false disciplinary ticket stating that plaintiff assaulted Inmate Fielding as well as him (Bierbaum) which is far from the truth." (Comp, p.  11) During the merit review hearing, the plaintiff says he was written a ticket for assaulting an inmate and assaulting a correctional officer for the same incident. The plaintiff says he was found guilty and lost a year of good time credits.

　　　　The plaintiff has failed to state a claim upon which relief can be granted for his allegations involving excessive force and failure to protect.  "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994).  This holding has been extended to judgement in prison disciplinary proceedings.  Edwards v. Balisok, 520 U.S. 641 (1997).

In this case, the plaintiff admits that he lost one year of good time credits as a result of the disciplinary hearing for the same events. The court cannot consider the plaintiff's claim that the disciplinary action was motivated by retaliation or an effort to cover up the assault because the plaintiff would have to demonstrate that the discipline was invalid in order to prove his case. *See* Bean v. Washington, 1999 WL 759481at 2 (N.D. Ill. 1999).

The plaintiff has adequately alleged that the defendants were deliberately indifferent to his serious medical needs on October 27, 2004.  In addition, the court finds that the plaintiff has stated his claims against the defendants in their individual capacities only. *See*  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has adequately alleged that Defendants Bierbaum, Barnard, Wells, Stock, Smithson, Leonard, Dallas and Brown were deliberately indifferent to his serious medical needs on October 27, 2004.  The claim is against the defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this  28th   of September, 2006.

s\\**Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE